**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALAN L. DAWES,** | § | |
| **TDCJ NO. 1287538,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-11-CV-119-KC** |
| | § | |
| **TEXAS BOARD OF PARDONS AND** | § | |
| **PAROLES,** | § | |
| **Respondent.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

In a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 4],

Petitioner Alan L. Dawes ("Dawes"), a state prisoner at the Phelps Correctional Center in

DeQuincy, Louisiana, asks the Court to quash a pre-revocation warrant as a detainer issued by the

Texas Department of Criminal Justice ("TDCJ") Parole Division ("Parole Division") after he

violated the terms of his mandatory supervision by committing burglaries in Louisiana.  Dawes

also asks the Court to order TDCJ to credit his time spent in confinement in Louisiana against the

sentences imposed by a Texas court after he pleaded guilty to multiple burglaries in El Paso

County.  Respondent Texas Board of Pardons and Paroles ("the Board") answers [ECF No. 11] the

Court should dismiss Dawes's petition with prejudice because the State of Texas does not

currently have a warrant or detainer on Dawes.  Moreover, the Board maintains Dawes has

received credit for his time served in Louisiana.  For the reasons discussed below, the Court

concludes that Dawes is not entitled to § 2254 relief.  The Court will accordingly dismiss his

petition.  The Court will additionally deny Dawes a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

In 2004, Dawes pleaded guilty in the 120th District Court in El Paso, Texas, to five counts of burglary of a building and three counts of burglary of a habitation.[1]  The trial court accepted Dawes's pleas, found him guilty on all counts, and sentenced him to seven years' imprisonment for each offense, with the sentences to run concurrently.[2]  In 2007, TDCJ released Dawes from prison on mandatory supervision.

On May 18, 2009, authorities in Baton Rouge, Louisiana, arrested Dawes after he allegedly committed multiple burglaries there.  On June 24, 2009, as a result of Dawes's arrest, the Parole Division issued a pre-revocation warrant and placed a detainer on him.[3]  On December 7, 2009, Dawes pleaded guilty in the Nineteenth Judicial District Court in East Baton Rouge Parish to two counts of simple burglary of an inhabited dwelling and one count of attempted simple burglary of an inhabited dwelling.  At his plea hearing, the prosecutor noted that Dawes had three prior felony convictions in Louisiana.  Dawes added that he had "four years [to serve on] a felony theft . . . in El Paso County."[4]  The Louisiana trial court accepted Dawes's guilty pleas and sentenced him to ten years' confinement on the first two counts and five years' confinement on the remaining

---

[1] *State v. Dawes*, Cause Nos. 20040D05841 through 20040D05848 (120th Dist. Ct., El Paso County, Tex. 2004).

[2] *State v. Dawes*, Cause Nos. 20040D05841 through 20040D05848 (120th Dist. Ct., El Paso County, Tex. 2004).

[3] Resp't's Answer, App. B, Ex. A (State of Texas Warrant Directing Retaking Administratively Released Prisoner (Non-Executive Clemency) Before Revocation or Rescission of Presumptive/Tentative Parole Date, issued June 24, 2009); Pet'r's Pet., ECF No 4-4, p. 1 (Warrant Confirmation, issued June 24, 2009).

[4] Pet'r's Pet., ECF 4-2, p. 25 (Plea Tr., No. 08-09-0873, 19th Dist. Ct., East Baton Rouge Parish, La., Dec. 7, 2009).

count.[5]  "The Court ordered that each count run concurrent to each other and concurrent to any

other time serving to include parole time."[6]  On August 26, 2010, Dawes waived his revocation

hearing in Texas,[7] and on September 24, 2010, the Board revoked his mandatory supervision.[8]  As

a result, Dawes's pre-revocation warrant expired.[9]  However, when the Board revoked Dawes's

mandatory supervision, it also issued a warrant directing the superintendent, warden or other

person in charge of Dawes's place of detention to "hold in custody, and deliver or yield said

person to the custody of officers of the Institutional Division of the Texas Department of Criminal

Justice of the State of Texas for return to said institution."[10]  Moreover, on March 22, 2011, the

Parole Division sent a letter asking Louisiana prison authorities to place a copy of the warrant in

Dawes's file as a detainer.[11]  The following day, March 23, 2011, the Board released Dawes to

parole with the Louisiana Department of Corrections.[12]  According to records maintained by

TDCJ, Dawes's maximum expiration date for the eight prison sentences imposed in Texas is July

---

[5] *State v. Dawes*, No. 08-09-0873 (19th Dist. Ct., East Baton Rough Parish, La. 2009); Pet'r's Pet., ECF No 4-4, p. 2–3 (True Extract of Criminal Court Minutes).

[6] Pet'r's Pet., ECF No 4-4, p. 2 (True Extract of Criminal Court Minutes).

[7] Pet'r's Pet., ECF No. 4-3, p. 24 (Notice of Parole Violation).

[8] Resp't's Answer, App. A (Aff. of Charley Valdez); Pet'r's Pet., ECF No. 4-3, p. 20 (Letter from Richard Aiello, Analyst, Texas Board of Pardons and Paroles, dated Oct. 1, 2010).

[9] Resp't's Answer, App. B (Aff. of Christina Propes).

[10] Pet'r's Reply, Attach. A-(i), ECF No. 14-1 (Proclamation of Revocation and Warrant of Arrest).

[11] *Id.*, Attach. A (TDCJ Letter, Re: Dawes, Alan, dated Mar. 22, 2011).

[12] Resp't's Answer, App. B, Ex. B (Certificate of Parole, dated March 23, 2011).

18, 2013, and his scheduled release date from prison in Louisiana is November 27, 2013.[13]

On December 3, 2010, Dawes filed his first application for state writ of habeas corpus challenging the warrant as a detainer.  The Texas Court of Criminal Appeals ("CCA") dismissed the application for noncompliance with Texas Rule of Appellate Procedure 73.1 on January 19, 2011.[14]  On January 14, 2011, Dawes submitted a second state habeas application concerning the warrant as a detainer.  The CCA denied the application without written order on March 9, 2011.[15]  Dawes filed the instant petition on March 22, 2011, the day before the Board released him to parole.

Mindful of Dawes's *pro se* status, the Court construes his instant petition liberally.[16]  The Court understands him to raise three grounds for quashing the June 24, 2009, pre-revocation warrant as a detainer.  First, he claims—correctly—that the Board rendered the pre-revocation warrant moot when it revoked his parole on September 24, 2010.  Second, he maintains that the Louisiana trial court ordered him to serve his Louisiana sentence concurrently with his Texas parole violation sentence and he argues that "[t]he Louisiana concurrent sentence must be given fuul [sic] faith and credit in Texas, therefore rendering [the] Texas warrant/detainer void under [the] preclusion doctrine."[17]  Finally, he asserts that, as a consequence of the detainer, the State of

---

[13] *Id.*, App. A (Aff. of Charley Valdez).

[14] *Ex Parte Dawes*, WR-63,939-03 (Tex. Crim. App. Jan. 19, 2011).

[15] *Ex Parte Dawes*, WR-63,939-04 (Tex. Crim. App. Mar. 9, 2011).

[16] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

[17] Pet'r's Pet, ECF No. 4, p. 6.

-4-

Louisiana has denied him placement in a drug treatment program and a trusty camp.  In addition, Dawes complains that TDCJ has failed to issue "a [t]ime [c]alculation sheet to confirm the violation [and] concurrent credit for time served" in Louisiana.[18]

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[19] and the writ of habeas corpus is "an extraordinary remedy"[20] reserved for those petitioners whom "society has grievously wronged."[21] It "is designed to guard against extreme malfunctions in the state criminal justice system."[22] Accordingly, a federal habeas court's role in reviewing state prisoner petitions is exceedingly narrow.  Section 2254 allows a court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[23] Accordingly, a court may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[24]

As a prerequisite to obtaining § 2254 relief, a prisoner must exhaust all remedies available

---

[18] *Id*. at p. 17.

[19] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[20] *Id.*

[21] *Id.* at 634.

[22] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[23] 28 U.S.C.A. § 2254(a) (West 2011).

[24] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

in the state system.[25]  This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'"[26]  It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[27]  A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[28]

In Texas, the CCA is the highest court for criminal matters.[29]  Thus, Texas prisoners may satisfy the exhaustion requirement only by presenting both the factual and legal substance of their claims to the CCA in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[30]

Moreover, federal habeas courts must generally defer to state court decisions on the merits[31] and on procedural grounds.[32]  "Indeed, federal courts do not sit as courts of appeal and

---

[25] 28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

[26] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[27] *Ex Parte Royall,* 117 U.S. 241, 251 (1886).

[28] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[29] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[30] Tex. Crim. Proc. Code art. 11.07; *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

[31] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[32] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

error for state court convictions."[33]  Thus, federal habeas courts should deny claims decided by

state courts on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[34]

A decision is contrary to clearly established federal law if the state court reaches a

conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state

court decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.[35]  An application of clearly established federal law is unreasonable if the state court

identifies the correct governing legal principle, but unreasonably applies that principle to the

facts.[36]

A federal court should focus "on the ultimate legal conclusion that the state court reached

and not on whether the state court considered and discussed every angle of the evidence."[37]

Indeed, a state court is presumed to "know and follow the law."[38]  Even where the state court fails

to cite applicable Supreme Court precedent or is unaware of such precedent, the deferential

---

[33] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[34] 28 U.S.C.A. § 2254(d).

[35] *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

[36] *Id.*

[37] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *see Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("[W]e review only the state court's decision, not its reasoning or written opinion[.]").

[38] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

standard of review nevertheless applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]."[39]

Furthermore, a federal court's review of a state court's decision is "limited to the record that was before the state court that adjudicated the claim on the merits."[40]  The state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence."[41]  "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."[42]

Thus, federal habeas relief is only merited where the state-court decision is incorrect or objectively unreasonable.[43]  Accordingly, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision.[44]

With these principles in mind, the Court turns to the merits of Dawes's claims.

## ANALYSIS

Dawes asks the Court to quash the June 24, 2009, pre-revocation warrant as a detainer for three reasons.  First, he claims that the Board rendered the warrant moot when it revoked his

---

[39] *Early v. Packer*, 537 U.S. 3, 8 (2002).

[40] *Cullen v. Pinholster*, -- U.S. --, --, 131 S. Ct. 1388, 1398–99 (2011).

[41] 28 U.S.C.A. § 2254(e)(1).

[42] *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001).

[43] *Woodford*, 537 U.S. at 27.

[44] *Harrington v. Richter*, -- U.S. --, --, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

parole.  Second, he maintains that the Louisiana trial court voided the warrant as a detainer when it ordered him to serve his Louisiana sentence concurrently with his Texas parole violation sentence. Finally, he asserts that, as a consequence of the detainer, the State of Louisiana has denied him placement in a drug treatment program and a trusty camp.  Dawes also asks the Court to order TDCJ to credit his time spent in confinement in Louisiana against the sentences imposed by the Texas court after he pleaded guilty to the burglaries in El Paso County.

The CCA considered Dawes's claims during the state habeas review and denied him relief. Such a denial under state law was an adjudication on the merits.[45]  As discussed above, in order for the Court to grant Dawes's petition for a writ of habeas corpus as to any claim which has been previously adjudicated on the merits in a state court, the Court must find that the adjudication (1) resulted in a decision that is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[46]  In addition, the Court must presume that determinations of factual issues made by the CCA are correct, and that Dawes has the burden of rebutting that "presumption of correctness" by clear and convincing evidence.[47]

---

[45] *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."); *Neal v. Puckett*, 239 F.3d 683, 868 (5th Cir. 2001) (holding that "[i]n the context of federal habeas proceedings, adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural").

[46] 28 U.S.C.A. §§ 2254(d)(1) and (d)(2).

[47] 28 U.S.C.A. § 2254(e)(1).

While Dawes cites several federal cases in his supporting memorandum, those cases concern general principles of law relating to full faith and credit, due process, and parole revocations; he does not specifically demonstrate how the decisions of the CCA in his case contravene the principles of law set forth in that federal case law. Moreover, he has not cited to any federal jurisprudence on point which demonstrate that the CCA's factual and legal findings are incorrect.

Furthermore, in order for a defendant to receive credit on a Texas sentence for time served in another jurisdiction, he must establish that a detainer or hold was lodged by the State of Texas with the other jurisdiction.[48]  In other words, when a Texas defendant is incarcerated in another state, he is confined "in said cause" only if a detainer or hold is lodged against him in the other jurisdiction for the Texas offense.[49]  Once a detainer is lodged, the defendant is deemed to be in the "constructive custody" of the State of Texas, although the defendant is actually in the physical custody of another jurisdiction.[50]

At the time of Dawes arrest in Louisiana, TDCJ had released him to mandatory supervision, and, because Dawes had not complied with the conditions of his release by committing additional criminal offenses, the State of Texas had an interest in his return to TDCJ

---

[48] *See Ex parte Bynum*, 772 S.W.2d 113, 114–15 (Tex. Crim. App. 1989); *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978); *Fernandez v. State*, 775 S.W.2d 787, 789 (Tex. App.—San Antonio 1989, no writ); *Vega v. State*, 675 S.W.2d 551, 554 (Tex.App.—Houston [14th Dist.] 1984, no writ).

[49] *Ex parte Pizzalota*, 610 S.W.2d 486, 488 (Tex. Crim. App. 1980); *Bynum*, 772 S.W.2d at 114–15; *Nixon*, 572 S.W.2d at 702.

[50] *Bynum*, 772 S.W.2d at 115; *Pizzalota*, 610 S.W.2d at 488; *Ex parte Jasper*, 538 S.W.2d 782, 784 (Tex. Crim. App. 1976).

custody in order to complete his Texas sentences. Accordingly, on June 24, 2009, upon learning

of Dawes's arrest in Louisiana, the Parole Division issued a pre-revocation warrant and placed a

detainer on him.[51] The Board agreed in its answer that it rendered Dawes's pre-revocation warrant

moot when it revoked Dawes's mandatory supervision on September 24, 2010.[52] The record

shows, however, that when the Board revoked Dawes's mandatory supervision, it also issued a

warrant directing the superintendent, warden or other person in charge of Dawes's place of

detention to "hold in custody, and deliver or yield said person to the custody of officers of the

Institutional Division of the Texas Department of Criminal Justice of the State of Texas for return

to said institution."[53] Moreover, on March 22, 2011, the Parole Division sent a letter asking

Louisiana prison authorities to place a copy of the warrant in Dawes's file as a detainer.[54] Because

Dawes was in the "constructive custody" of the State of Texas as a result of these detainers, time

calculations made by Charley Valdez, a supervisor in TDCJ's Classification and Records

Department, reflected that Dawes lost only the one year, eight months, and twenty-six days of

street time that passed between his release to mandatory supervision on September 28, 2007, and

the issuance of the pre-revocation warrant as a detainer on June 24, 2009.[55] Under these

---

[51] Resp't's Answer, App. B, Ex. A (State of Texas Warrant Directing Retaking Administratively Released Prisoner (Non-Executive Clemency) Before Revocation or Rescission of Presumptive/Tentative Parole Date, issued June 24, 2009); Pet'r's Pet., ECF No 4-4, p. 1 (Warrant Confirmation, issued June 24, 2009).

[52] Resp't's Answer 3.

[53] Pet'r's Reply, Attach. A-(i), ECF No. 14-1 (Proclamation of Revocation and Warrant of Arrest).

[54] *Id.*, Attach. A (TDCJ Letter, Re: Dawes, Alan, dated Mar. 22, 2011).

[55] Resp't's Answer, App. A (Aff. of Charley Valdez).

circumstances, the Parole Division acted appropriately and in accordance with Texas law when it issued both the pre-revocation and post-revocation detainers on Dawes.  Dawes cannot show that either detainer was unlawful.

Dawes also argues that the rule of comity and the Full Faith and Credit Clause of the Constitution[56] require that the State of Texas give him credit toward his Texas sentences for the time served on his Louisiana sentences based on the Louisiana trial court's order "that each count run concurrent to each other and concurrent to any other time serving to include parole time."[57] . "A judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment."[58]  Section 42.08 of the Texas Code of Criminal Procedure grants the Texas courts—not the Louisiana courts—the power to order sentences to run consecutively or concurrently.[59]  Section 508.283 of the Texas Government Code grants a Board panel or designated agent of the Board—not the Louisiana courts—the authority to "continue, revoke, or modify the parole or mandatory supervision."[60]  The Louisiana state court's judgment that Dawes's sentences should "run concurrent to each other and concurrent to any other time serving

---

[56] U.S. CONST. art. IV, § 1.

[57] Pet'r's Pet., ECF No 4-4, p. 2 (True Extract of Criminal Court Minutes).

[58] *Williams v. State of N.C.*, 325 U.S. 226, 229 (1945).

[59] TEX.CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 2009).

[60] TEX. GOV'T CODE § 508.283(a).

to include parole time"[61] is not binding on Texas.[62]  Despite this, as indicated above, Dawes only

lost the one year, eight months, and twenty-six days of street time that passed between his release

to mandatory supervision on September 28, 2007, and the issuance of the pre-revocation warrant

as a detainer on June 24, 2009.[63]  Accordingly, Dawes's expiration date for his Texas sentences

was extended from October, 23, 2011, or seven years after his sentences began, to July 18, 2013;

this corresponds with the amount of street time he lost.  Thus, Dawes has received credit on his

Texas sentences for the time served in Louisiana.  Indeed, because Dawes's time continued to

accrue, the Board released him to parole with his sentence set to expire prior to his scheduled

release date in Louisiana.

Finally, Dawes asserts that, as a consequence of the detainer, the State of Louisiana has

denied him placement in a drug treatment program and a trusty camp.  The Supreme Court has

conceded that a prisoner under detainer bears a very heavy burden:

> "[T]he inmate is (1) deprived of an opportunity to obtain a sentence to run concurrently with the sentence being served at the time the detainer is filed; (2) classified as a maximum or close custody risk; (3) ineligible for initial assignments to less than maximum security prisons (i.e., honor farms or forestry camp work); (4) ineligible for trustee [ sic ] status; (5) not allowed to live in preferred living quarters such as dormitories; (6) ineligible for study-release programs or work-release programs; (7) ineligible to be transferred to preferred medium or minimum custody institutions within the correctional system, which includes the removal of any possibility of transfer

---

[61] Pet'r's Pet., ECF No 4-4, p. 2 (True Extract of Criminal Court Minutes).

[62] *Cf. Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003) (holding that due process did not require the United States Marshals Service to comply with a state trial court's order that the defendant be taken to a federal prison to serve out his concurrent state sentence, and thus, the Bureau of Prisons was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence, when defendant was taken into federal custody.).

[63] Resp't's Answer, App. A (Aff. of Charley Valdez).

to an institution more appropriate for youthful offenders; (8) not entitled to preferred prison jobs which carry higher wages and entitle [him] to additional good time credits against [his] sentence; (9) inhibited by the denial of possibility of parole or any commutation of his sentence; (10) caused anxiety and thus hindered in the overall rehabilitation process since he cannot take maximum advantage of his institutional opportunities."[64]

The Supreme Court has further explained that while this result may be "bad . . . [it] cannot be entirely avoided . . ."[65]  "While recognizing the plight in which petitioner finds himself, we perceive no constitutional relief available to him in this jurisdiction."[66]

In sum, Dawes cannot specifically identify any clearly established federal law relating to the detainers which the CCA's decisions violated or unreasonably applied.  Further, he cannot show the CCA's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Finally, the record establishes that Dawes has received credit on his Texas sentences for the time served in a Louisiana prison.  Accordingly, Dawes is not entitled to § 2254 relief on his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[67]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[68]  In other words,

---

[64] *Carchman v. Nash*, 473 U.S. 716, 730 n.8 (1985) (quoting *Cooper v. Lockhart*, 489 F.2d 308, 314 n.10 (8th Cir. 1973).

[65] *Fex v. Michigan*, 507 U.S. 43, 50 (1993).

[66] *Moultrie v. State of Ga.*, 464 F.2d 551, 551 (5th Cir. 1972).

[67] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[68] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a

a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[69] Although Dawes has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[70]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[71]  In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[72]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[73] Here, Dawes is not entitled to a certificate of appealability because reasonable jurists would not

---

certificate of appealability is granted).

[69] *See* 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[70] *See* 28 U.S.C.A. 2254 Proc. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[71] 28 U.S.C.A. § 2253(c)(2); *Gonzalez v. Thaler*. -- U.S. --, --, -- S. Ct. --, --, 2012 WL 43513, at *3 (2012).

[72] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[73] *Id*.

find the Court's procedural or substantive rulings debatable.

## CONCLUSION AND ORDERS

After carefully reviewing the record, and for the reasons stated above, the Court concludes that Dawes is not entitled relief under 28 U.S.C. § 2254. Accordingly, the Court will enter the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Alan L. Dawes's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 4].

2. Further, the Court **DENIES** Petitioner Alan L. Dawes a **CERTIFICATE OF APPEALABILITY**.

3. Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause, if any**.**

**SO ORDERED.**

**SIGNED** this 20th **day of January 2012**.


KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

-16-